PRICE, Judge.
Plaintiff has perfected this appeal requesting that the judgment which awarded her damages for personal injuries he increased.
This suit arises out of an accident between vehicles driven by plaintiff and Virgil D. Anderson, a deputy sheriff in Sabine Parish. Named defendants were Anderson and Harold W. Sandel, Sheriff of Sabine Parish.
On the date of the accident, July 1, 1971, Anderson was in Shreveport on official business for the Sabine Parish Sheriff’s Department. Just prior to the accident Anderson was driving in a southerly direction on Line Avenue in the inside lane of the two southbound lanes of traffic. Plaintiff was traveling south on Line Avenue but in the outside land of traffic parallel to Anderson’s vehicle. Anderson attempted to turn his vehicle into the outside lane of traffic and the right front fender of his automobile struck the left mid-section of plaintiff’s vehicle, forcing it to veer over the curb and to strike a utility pole.
Plaintiff seeks damages for personal injuries, loss of wages, and medical expenses. Defendants in answer to plaintiff’s suit, denied negligence on the part of Anderson and specially plead contributory negligence.
After trial on the merits the trial judge found that defendant Anderson was negligent and that plaintiff was free of contributory negligence. He awarded plaintiff $225.50 for medical fees and expenses, $450.00 for lost wages, and $1,000 for pain and suffering. The judgment was rendered against Sandel and Anderson, in so-lido. Neither defendant has appealed nor answered plaintiff’s appeal.
The only issue before us is the adequacy of the $1,000 award for pain and suffering. Plaintiff testified that prior to the accident she had been employed as a nurse’s aide at Virginia Hall Nursing Home, but that since the accident she has not been able to return to work due to the pain in her lower back and neck.
On the day following the accident plaintiff went to see Dr. Don K. Joffrion, an orthopedic surgeon, with complaints of low back pain, a headache and passing blood in her urine. Dr. Joffrion treated plaintiff for her complaints relating to back pain for the period between July 2 and August *705 10, 1971. He referred plaintiff to Dr. Pierre V. Blanchard, an internist, for an evaluation of kidney and bladder problems.
In addition, from September 14, 1971, through the date of trial on February 29, 1972, plaintiff was under the care and treatment of Dr. Jason C. Sanders, a general practitioner.
All three of these physicians were called by plaintiff as her witnesses to establish the severity of her injury. The gist of Dr. Joffrion’s testimony is that plaintiff suffered a mild lumbosacral sprain from whatever trauma was involved in the collision, and that she had completely recovered from this condition by her last visit to him on August 10, 1971.
Dr. Blanchard diagnosed the cause of plaintiff’s complaint of blood in her urine and abnormal frequency of urination as hemorrhagic cystitis. However, he testified that this condition had no causal relation with any trauma received in the accident.
Dr. Sanders testified that when plaintiff first visited him in September her primary complaint was of severe migraine headaches. She also mentioned having some neck and back pain. She related having a long history of migraine headache problems. No mention was made of the automobile accident. It was not until October 28th, some two weeks after plaintiff had filed this action that she mentioned to Dr. Sanders her involvement in an automobile collision. Dr. Sanders testified he found some minimal arthritic changes in the lumbar and cervical region of plaintiff’s back and neck which he attributed as the cause of her complaints of pain in these regions.
There is some conflict in the testimony between Dr. Sanders and Dr. Joffrion as to the presence of any significant degree of arthritic changes as shown on the X-rays made by Dr. Joffrion which are filed in the record of this case. Dr. Joffrion is positive in his testimony that what minimal amount of osteoarthritis that could be found to exist in the lumbar region was not aggravated by the trauma of plaintiff’s accident. Although Dr. Sanders’ testimony is somewhat more favorable to plaintiff, it is far from sufficient to establish plaintiff’s contention of a continued disability because of pain in her back and neck resulting from any injury received in the accident.
The trial judge in his reasons for judgment evaluated the testimony of the three doctors and the plaintiff and concluded that plaintiff’s injuries should be characterized as a minor back sprain. He found that plaintiff had not sufficiently proved any arthritic problems resulting from the trauma of the accident, nor any injury to plaintiff’s bladder resulting from the accident. However, he felt that the strain had caused a certain degree of pain and suffering to the plaintiff, and after evaluating the cases involving injuries of this nature, awarded the plaintiff the sum of $1,000 for pain and suffering, past, present and future.
After reviewing the testimony in the record we agree with the trial judge that plaintiff has failed to prove any injuries caused by the accident other than a mild strain or sprain in her lower back. We have also reviewed the cases in our jurisprudence involving awards for pain and suffering in cases involving injuries of this nature and conclude that the trial judge’s award of $1,000 for pain and suffering was adequate.
We do not think the trial judge has abused the “much discretion” accorded him in fixing the amount of the award in a personal injury case. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.